UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JENNIFER L. PAYNE** | * | CIVIL ACTION |
| | * | |
| versus | * | NO. |
| | * | |
| **CITY OF HAMMOND, CHIEF RODDY** | * | SECTION |
| **DEVALL**, acting in his official and | * | |
| individual capacity; **OFFICER RODNEY** | * | MAGISTRATE DIVISION |
| **GEMAR**, acting in his official and | * | |
| individual capacity; **LIEUTENANT VINCE** | * | |
| **GIANNOBLE**, acting in his official and | * | |
| individual capacity; **MAYSON H. FOSTER,** | * | |
| acting in his official and individual capacity; | * | |
| **U.S. DEPARTMENT OF JUSTICE DRUG** | * | |
| **ENFORCEMENT ADMINISTRATION;** | * | |
| **SENIOR INVESTIGATOR ALAN J.** | * | |
| **CLESI**, acting in his official and individual | * | |
| capacity; and, **TASK FORCE OFFICER** | * | |
| **DONALD HERRMAN**, acting in his official | * | |
| and individual capacity | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**COMPLAINT**

**NOW COMES JENNIFER L. PAYNE**, Plaintiff herein, and by way of complaint against Defendants alleges the following:

**I. INTRODUCTION**

1. That this is an action for money damages to redress the deprivation by defendants of the rights secured to plaintiff, under the Constitution and laws of the United States of America and the State of Louisiana. Plaintiff had a reasonable expectation of privacy, a right to be free of unreasonable searches and due process rights. The defendants obtained her medical information without her consent, warrant, or subpoena, falsely arrested her, published her photo and address and placed her on administrative leave with the

Hammond Police Department in retaliation for her right to take sick leave, subjecting her and her children to danger, depriving her of her rights and freedom, and causing her damages, including loss of civil rights, loss of income, and emotional distress. In addition, her children suffered collateral damage.

## II. JURISDICTION AND VENUE

2. That the jurisdiction of this Court is invoked under the provisions of Sections 1331 and 1343(3) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code, and under pendent jurisdiction of this Court with respect to the causes of action under state law sounding in tort.

3. That the jurisdiction of this Court is further invoked and this case brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

4. That the parties described herein and/or the acts complained of lie within the boundaries of this district court.

## III. PARTIES

5. That at all times herein mentioned, plaintiff, Jennifer L. Payne, was and still is a citizen of the United States of America, residing in Tangipahoa Parish, State of Louisiana, an area which lies within the boundaries of this district court.

6. That at all times herein mentioned the Drug Enforcement Administration ("DEA") was and still is a part of the United States Department of Justice, and was and still is the employer of certain of the named defendants herein.

7. That at all times herein mentioned, the Hammond Police Department ("HPD") and the

City of Hammond were and still are a part of Tangipahoa Parish, Louisiana, and the Hammond Police Department and the City of Hammond were, at all pertinent times, the employers of certain of the named defendants herein.

8. That at all times mentioned, defendants Special Investigator ALAN J. CLESI and Task Force Officer DONALD HERRMAN were agents of the Tactical Diversion Squad of Defendant Drug Enforcement Administration of the U.S. Department of Justice, acting in their official and individual capacities.

9. That at all times herein mentioned, the individual defendant agents authorized and/or ratified the acts of the complained of herein, including but not limited to the obtaining of medical information without consent, warrant, and subpoena by the DEA.

10. That at all times mentioned, defendants Chief RODDY DEVALL, Lieutenant VINCE GIANNOBILE and Officer RODNEY GEMAR, were police officers with Defendant HPD and employees of the City of Hammond, acting in their official and individual capacities.

11. That at all times herein mentioned, the individual officers authorized and/or ratified the acts of the complained of herein, including but not limited to the arrest and administrative leave of Jennifer L. Payne and the publication of her photo and address by the HPD.

12. That at all times mentioned, defendants Mayor MAYSON H. FOSTER was an employee of Defendant City of Hammond, acting in his official and individual capacitiy.

13. That at all times herein mentioned, the individual employees authorized and/or ratified the acts complained of herein, including but not limited to the arrest and administrative leave of Jennifer L. Payne.

## IV. FACTS REGARDING THE INVESTIGATION AND ARREST

14. That at all times herein mentioned, the defendants were acting under color of law, that is under color of the constitution, statutes, laws, rules, regulation, customs and usages of the City of Hammond, the State of Louisiana and the United States of America.

15. That at all times herein mentioned, the defendants and each of them, separately and in concert with each other, engaged in acts and omissions which constituted deprivation of the rights, privileges and immunties of the plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law, and were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which federal employees, the Chief of Police and public employees may appropriately and legally engage in the course of carrying out their duties.

16. That at all times herein mentioned, each of the defendants had the power and duty to restrain the other defendants and prevent them from violating the law and rights of the plaintiff, but each of the defendants failed and refused to perform that duty, failed and refused to restrain the other defendants, and thereby became a party to the injuries inflicted upon the plaintiff.

17. That from approximately July of 2000 to the present date, Jennifer L. Payne worked for the Hammond Police Department as a police officer.

18. That from September 30, 2013 to April 16, 2014, Jennifer L. Payne exercised her sick leave rights and was improperly asked for her medical records and warned about "doctor shopping".

19. That in particular, on or about March of 2014, the Chief of Police of the City of Hammond, acting as an anonymous source, contacted the DEA Tactical Diversion Division to tell them that Jennifer L. Payne was doctor shopping in the area of Hammond, Louisiana.

20. That in March and April of 2014, DEA Agents Clesi and Herrman visited and interviewed all of Jennifer L. Payne's medical and dental care providers without her consent, a warrant or a subpoena, and had each provider sign a declaration stating that she was doctor shopping and obtaining controlled substances by fraud and deceit.

21. That in his Verified Petition for Declaratory Relief, Injunctive Relief and other Claims with Verification filed in the 21st Judicial District Court for the Parish of Tangipahoa on February 11, 2015 ("Verified Petition"), Roddy Devall, Chief of Police, stated in Paragraph XX that he spoke with Assistant District Attorney LeAnne Malnar on two occasions and that she advised him that the probable criminal charges were prosecutable. In an affidavit signed by Assistant District Attorney, LeAnne Malnar on March 26, 2015 she denied that these two conversations took place and stated that she never spoke with Devall regarding criminal charges against Jennifer Payne.

22. That Rodney Gemar, liaison officer with the DEA, ratified the acts complained of herein and falsely arrested Jennifer L. Payne.

23. That Roddy Devall in his Verified Petition, Paragraph XXI., stated that prior to Jennifer Payne's arrest he met with City of Hammond officials, specifically Mayor Mayson Foster, Director of Administration Pete Panepinto, Human Resources Director Loretta Severan and City Prosecutor Britain Sledge and further stated that Mr. Sledge

commented "that if LeAnne Malnar advised that the charges were prosecutable, then it would be a 'good case'."

24. That on April 16, 2014 Chief Roddy Devall placed Jennifer L. Payne on administrative leave without the possibility of working details, and on April 29, 2014 Jennifer L. Payne was falsely arrested by Officer Rodney Gemar in retaliation for her exercising rights guaranteed to her as a City of Hammond police officer.

25. That when Jennifer L. Payne was arrested on April 29, 2014 Chief Roddy Devall specifically and directly ordered that her photo and home address be publicized in the press, which violated state law and Hammond Police General Orders, and which further subjected police officer Jennifer L. Payne and her children to danger.

26. That Lt. Vince Giannoble prepared and sent out press releases with Jennifer L. Payne's photo and home address in violation of state law and General Orders, which subjected police officer Jennifer L. Payne and her children to danger.

27. That as a result of the invasion of her privacy, false arrest, the publication of her photo and address, and the assignment to administrative leave, Jennifer L. Payne suffered damage to her reputation, loss of income and benefits, loss of civil rights, emotional distress, and the collateral damage suffered by her children.

## V.  CAUSES OF ACTION

28. Section 1983 of Title 42 of the U.S. Code provides that every person who, under color of law, subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States, shall be liable to the party injured.  The defendants acted under color of

law to deprive the plaintiff of her rights, privileges and immunities secured by the Constitution and laws of the United States.  Plaintiff had a legitimate expectation of privacy in her medical records and disclosure of any information by her medical providers might have served a compelling interest had a crime occurred.  Unnecessary force and intrusion by the DEA was unwarranted when there were proper legal means at their disposal.  The DEA could have achieved its purpose without violating Plaintiff's rights. By reason of the outrageous and wrongful conduct of the DEA, Plaintiff suffered injuries resulting from the invasion of privacy, being falsely arrested and having her photo and address publicized for exercising her rights under the laws of this country.

29. The DEA, the HPD and the City of Hammond failed to adequately train, and supervise employees, which failure was a cause of the violations of Plaintiff's rights.

30. Plaintiff realleges and reincorporates herein paragraphs 1-29 above.  Defendants have violated the provisions of the United States Constitution and laws, Louisiana state law and City of Hammond General Orders by retaliating against Plaintiff, invading her privacy, falsely arresting her, publicizing her photo and address and placing her on administrative leave.

## VI.  INJURIES TO THE PLAINTIFF

31. Certain of the acts and conduct of Defendants were committed willfully and with reckless disregard for Plaintiff's rights.

32. As a direct and proximate result of the acts of the defendants complained of herein, Plaintiff has suffered emotional distress, mental anguish, economic losses, and loss of civil rights.  Further, her children suffered collateral damage.

33.   All of the above acts and conduct of Defendants constituted violations of Plaintiff's rights under 42 U.S.C. §1983, and constitute violations under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) as well as state and city law.

## VII.  JURY DEMAND

34.   Plaintiff asks for trial by jury of all matters to which she is entitled by law.

## VIII.  PRAYER

**WHEREFORE**, Plaintiff prays as follows:

a)   That she have judgment in her favor and against the defendants for compensatory damages;

b)   That she have judgment against the defendants for punitive damages, attorney's fees and court costs; and,

c)   That she have all other legal and equitable relief to which she is entitled.

Respectfully submitted:

/s/ C. Theodore Alpaugh, III
**C. THEODORE ALPAUGH, III, No. 02430, T.A.**
**CLAUDE A. SCHLESINGER, No. 15042**
**KRISTIE D. HOLM, No. 28609**
GUSTE, BARNETT, SCHLESINGER, HENDERSON & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113
Telephone:   (504) 529-4141
Facsimile:    (504) 561-0326
Email:          cta@gustebarnett.com

**Attorneys for Complainant,**
**JENNIFER L. PAYNE**

*Law Office of Alexandra Mora*
*A Professional Law Corporation*

/s/ Alexandra E. Mora
**ALEXANDRA E. MORA, No. 23535**
The Mora Building
322 Lafayette Street
New Orleans, LA 70130
Telephone:     (504) 566-0233
Facsimile:      (504) 566-8997
Email:             amora@alexmora.com

**Attorney for Complainant,**
**JENNIFER L. PAYNE**