UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JENNIFER PAYNE, et al.                               CIVIL ACTION

VERSUS                                               NO. 15-1022

HAMMOND CITY, et al.                                 SECTION: "G"(3)

## ORDER

Currently pending before the Court is Defendant Roddy Devall's ("Devall") "Motion to Dismiss."[1] The currently pending motion was filed on April 24, 2017, and set for submission on May 24, 2017.[2] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Accordingly, any opposition to the pending motion was due no later than May 16, 2017. Payne has filed no opposition to the motion, and therefore the motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[3]

In this case, Plaintiff Jennifer L. Payne ("Payne"), individually and as the natural tutrix of her minor children, alleges that Hammond City, Devall, police officer Rodney Gemar ("Gemar"), Lieutenant Vince Giannoble, City of Hammond Mayor Foster, DEA Senior Investigator Alan J. Clesi ("Clesi"), and Task Force Officer Donald Herrmann ("Herrmann") collectively violated 42 U.S.C. § 1983 by falsely accusing and investigating Payne for "doctor shopping" when she took

---

[1] Rec. Doc. 109.

[2] *Id.*

[3] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

leave to which she alleges she was entitled under the Family Medical Leave Act ("FMLA").[4] On March 15, 2016, the Court granted in part Devall's first motion to dismiss the claims against him to the extent that the motion requested an order that Payne file a Rule 7(a)(7) reply.[5] In that Order, the Court deferred ruling on Devall's request to dismiss Payne's claims for failure to state a claim under Rule 12(b)(6) and ordered that Devall may refile his motion to dismiss, if warranted, after Payne filed a Rule 7(a)(7) reply.[6]

On April 28, 2016, Devall filed a second motion to dismiss the claims against him,[7] which the Court granted in part and denied in part.[8] The Court granted the second motion to dismiss to the extent that it sought dismissal of Payne's Section 1983 claim and conspiracy claim against Devall.[9] The Court denied in part without prejudice the second motion to dismiss to the extent that it sought dismissal of Payne's FMLA claim and Louisiana Revised Statute § 33:2214(B)(1) claim against Devall.[10] The Court found that Payne had failed to state a claim against Devall under the FMLA or Louisiana Revised Statute § 33:2214(B)(1).[11] However, the Court denied the motion without prejudice and allowed Payne until April 19, 2017, to amend her complaint to cure the deficiencies noted by the Court in its Order, if possible.[12] The Court further ordered: "If Payne is

---

[4] Rec. Doc. 1 at 4–5.

[5] Rec. Doc. 49 at 31.

[6] *Id.*

[7] Rec. Doc. 65.

[8] Rec. Doc. 106.

[9] *Id.* at 31.

[10] *Id.*

[11] *Id.* at 30.

[12] *Id.* at 30, 31.

2

unable to cure the deficiencies in the complaint by that time, upon motion by a party, the Court will dismiss Payne's claims pursuant to the FMLA and Louisiana Revised Statute § 33:2214(B)(1) against Devall."[13]

In the currently pending motion to dismiss, Devall moves the Court to dismiss Payne's remaining claims against him under the FMLA and Louisiana Revised Statute § 33:2214(B)(1).[14] Devall notes that in its prior Order, the Court allowed Payne until April 19, 2017, to amend her complaint to set forth, if possible, Payne's remaining claims under the FMLA and Louisiana Revised Statute § 33:2214(B)(1).[15] Devall further avers that Payne has not amended the complaint and that he is therefore entitled to dismissal of Payne's remaining claims against him under the FMLA and Louisiana Revised Statute § 33:2214(B)(1).[16]

As noted *supra*, in its prior Order, the Court found that Payne had failed to state a claim against Devall under the FMLA or Louisiana Revised Statute § 33:2214(B)(1).[17] The Court allowed Payne until April 19, 2017, to amend her complaint to cure the deficiencies noted by the Court in its Order, if possible.[18] The Court further ordered: "If Payne is unable to cure the deficiencies in the complaint by that time, upon motion by a party, the Court will dismiss Payne's claims pursuant to the FMLA and Louisiana Revised Statute § 33:2214(B)(1) against Devall."[19]

---

[13] *Id.* at 31.

[14] Rec. Doc. 109.

[15] *Id.* at 1.

[16] *Id.*

[17] Rec. Doc. 106 at 30.

[18] *Id.* at 30, 31.

[19] *Id.* at 31.

Payne has not amended the complaint to cure the deficiencies noted by the Court in its Order. Therefore, the Court hereby dismisses Payne's claims pursuant to the FMLA and Louisiana Revised Statute § 33:2214(B)(1) against Devall.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Roddy Devall's unopposed "Motion to Dismiss"[20] Payne's claims filed pursuant to the FMLA and Louisiana Revised Statute § 33:2214(b)(1) is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this 18th day of July, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[20] Rec. Doc. 109.